IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| BARBARA A. SANFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 3:13CV153-MHT |
| | ) | |
| SCA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed a motion seeking to proceed *in forma pauperis* in this action (Doc. # 2). Upon consideration of the motion, it is

ORDERED that the motion to proceed *in forma pauperis* is GRANTED.

However, upon review of the complaint filed in this case, the court concludes that dismissal of plaintiff's Title VII claims as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B), is appropriate.[1] Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, asserting claims of race discrimination and retaliation against her former employer. In order to maintain her Title VII claims in this court, plaintiff must have filed an

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). See Davis v. Polk County Sheriff's Office, 170 Fed. Appx. 598 (11th Cir. 2005)(unpublished opinion), *cert. den.*, 549 U.S. 812 (2006)(affirming district court's *sua sponte* dismissal of Title VII race discrimination and retaliation claims as frivolous, where the plaintiff's EEOC charge was not timely filed); see also Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003)(appropriate to dismiss a prisoner's § 1983 claims prior to service of process as time-barred, pursuant to § 1915, where no basis for tolling was identified by plaintiff or discernable from the record).

administrative charge with the EEOC within 180 days after the alleged unlawful employment practice occurred.   42 U.S.C. § 2000e-5(e)(1). It appears from the face of plaintiff's complaint and the attached Equal Employment Opportunity Commission (EEOC) charge that plaintiff's EEOC charge was untimely.  Plaintiff alleges a retaliatory and/or discriminatory termination on April 15, 2011.  (Complaint, ¶¶ 5, 8).  She further alleges – and the attached EEOC charge demonstrates – that she filed a charge of discrimination with the EEOC on May 31, 2012.  (Id., ¶ 11; EEOC charge).  Plaintiff's May 2012 EEOC charge was not filed in time to preserve a claim relating to her April 2011 termination or to any discrimination preceding her termination.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's Title VII claims be DISMISSED with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), for plaintiff's failure to exhaust administrative remedies in a timely manner.[2]  However, in view of plaintiff's *pro se* status, the court construes the factual allegations of plaintiff's complaint to state a 42 U.S.C. § 1981 claim for retaliatory discharge.[3]  Therefore, the Magistrate Judge further recommends that this action be referred back to the undersigned for further proceedings.

---

[2] If plaintiff contends that grounds exist for equitable tolling of the statutory filing period, she may assert those grounds in her objection.  Similarly, if defendant wishes to waive the 180-day requirement, it may so advise the court by objection to this recommendation.

[3] The court declines to construe the complaint to include a § 1981 race discrimination claim because plaintiff's factual allegations are not sufficient to state a plausible claim that defendant terminated her because of her race.

The Clerk is DIRECTED to serve the summons and complaint on the defendant.  The Clerk of the Court is further ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action.  The parties are DIRECTED to file any objections to this Recommendation on or before April 9, 2013.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 26th day of March, 2013.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE